HOLL et al., Appellants,

v.

MONTROSE, INC., d.b.a. Brown Derby Restaurant, Appellee.

[Cite as *Holl v. Montrose, Inc.* (1992), 82 Ohio App.3d 644.]

Court of Appeals of Ohio,
Summit County.

No. 15543.

Decided Sept. 30, 1992.

*Gary Kisling*, for appellants.

*Harry Tipping*, for appellee.

CACIOPPO, Judge.

On the evening of February 22, 1989, plaintiff-appellant, Jo–Ann Holl, went to defendant-appellee, Montrose, Inc., d.b.a. Brown Derby Restaurant ("Brown Derby"), for dinner. Holl arrived at the Brown Derby at approximately 5:00 p.m. Appellant sat at the bar with her companion and drank two scotch and water drinks. The bar area was separated from the lobby and restaurant by three steps.

After drinking with her friend, Holl stood and started toward the ladies' restroom. On the way, Holl stopped to talk with the restaurant manager, who was inside the bar area, just to the right of the steps. After talking with the

manager for approximately ten minutes, Holl turned to proceed to the restroom. Holl stepped backwards, her foot stepping down into an open step. Holl fell, striking her head on the tile floor at the bottom of the steps. Holl allegedly suffered injuries as a result of striking her head on the floor.

The bar and lobby were separated by three steps, consisting of two treads, down from the bar to a tile floor. Walls extend away from the stairway on both sides of the stairway. The top step is the barroom floor. The middle step extends into and below the level of the barroom floor the extent of its width. The barroom floor is the same level in this area with the exception of the area where the step extends into the floor. The area around this step is open. The bottom step is bordered on both sides by walls, approximately the same width as the bottom step, extending away from the steps in both directions.

Holl and her husband filed a complaint against the Brown Derby, alleging that the stairway was negligently designed and maintained. The Brown Derby moved for summary judgment and Holl opposed the motion. The trial court granted the Brown Derby's motion for summary judgment. Holl appeals, asserting one assignment of error. We reverse.

### Assignment of Error

"The trial court committed prejudicial error in granting the defendant's motion for summary judgment where there existed negligence on the part of the defendant and where there existed genuine issues of material fact as to whether or not, and to what degree, there was comparative negligence on the part of the plaintiff."

When reviewing the granting of summary judgment, we must follow the standard set forth in Civ.R. 56(C), which states that summary judgment "shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

According to Civ.R. 56(E):

" * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

"Summary judgment is appropriate when after sufficient time for discovery, one party moves against another party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party bears the burden of proof at trial. *Thomarios v. Lieberth* (Feb. 19, 1992), Summit App. No. 15229, unreported [1992 WL 32003]; *Johnson v. Akron Mgmt. Corp.* (May 30, 1990), Summit App. No. 14320, unreported [1990 WL 73668]." *Willey v. Copley Village Condominiums* (Feb. 26, 1992), Summit App. No. 15248, unreported, 1992 WL 36189.

In the case at bar, the Brown Derby moved for summary judgment. The motion was supported by the deposition of Holl. Holl opposed the motion, supported by excerpts of her deposition, excerpts of the Brown Derby's answers to interrogatories, photographs of the scene, sections of the Ohio Basic Building Code, and the affidavit of a professional engineer. The Brown Derby responded to Holl's memorandum in opposition.

As the moving party, the Brown Derby had the burden of demonstrating that there existed no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. Summary judgment is not appropriate where it appears from the evidence that reasonable minds can come to different conclusions after construing the evidence most strongly in favor of the nonmoving party.

In the case at bar, Holl alleged that the Brown Derby acted negligently which caused her injuries. To establish a claim for negligence, three essential elements must be shown: (1) a duty or obligation on the part of the party charged with the negligence to protect another from injury; (2) a breach of that duty; and (3) an injury to the other proximately resulting from that breach. *Wellman v. East Ohio Gas Co.* (1953), 160 Ohio St. 103, 51 O.O. 27, 113 N.E.2d 629, paragraph three of the syllabus. The duty owed to Holl by the Brown Derby is determined by Holl's status on the premises.

In the case at bar, Holl was a business invitee. An invitee is one who is rightfully on the premises of another for purposes in which the possessor of the premises has a beneficial interest. *Scheibel v. Lipton* (1951), 156 Ohio St. 308, 46 O.O. 177, 102 N.E.2d 453, paragraph one of the syllabus. The possessor of the premises owes a duty to an invitee to exercise ordinary

care for her safety and protection. *Patete v. Benko* (1986), 29 Ohio App.3d 325, 328, 29 OBR 452, 455, 505 N.E.2d 647, 650, citing *Scheibel, supra.*

■ The parties agree that Holl was a business invitee and, therefore, owed a duty of ordinary care by the Brown Derby. The second element of the tort is whether the Brown Derby breached its duty of care. The trial court found that Holl admitted in her deposition that she fell when she lost her balance as she was stepping backwards. Therefore, according to the trial court, Holl's fall was not the result of any breach of duty by the Brown Derby.

In order to defeat the motion for summary judgment, Holl was required to present evidence sufficient to establish the existence of each element essential to her case and on which she had the burden of proof at trial. Holl presented sufficient evidence in the case at bar. Reviewing the evidence in a light most favorable to Holl, the nonmoving party, we find that Holl presented evidence that she stepped into an open, unguarded stairwell. The affidavit of the expert attached to Holl's memorandum in opposition to summary judgment indicated that the design of the stairway constituted an unreasonably dangerous condition. Holl stated in her deposition that she stepped back and there was nothing on which to catch her foot. From this evidence, reasonable minds could come to more than one conclusion on this element. This evidence, when construed most strongly in Holl's favor, establishes a question of fact as to whether the Brown Derby breached its duty of care to Holl.

■ Holl's prior usage of this stairway, without incident, is not sufficient to charge her with knowledge of any defective condition because knowledge of the condition was not essential to the prior usage of the stairway. *Shaw v. Central Oil Asphalt Corp.* (1981), 5 Ohio App.3d 42, 44, 5 OBR 45, 47, 449 N.E.2d 3, 6. Therefore, Holl could not be charged with knowledge of a defect because, construing the facts in Holl's favor, knowledge of the defect was not necessary to Holl's prior use of the stairway.

■ The final element to Holl's claim is that the Brown Derby's breach of duty proximately caused Holl's injuries. The evidence, construed most strongly in Holl's favor, established that reasonable minds could differ as to whether the Brown Derby's breach of duty constituted the proximate cause of Holl's injuries. In a case such as this, where reasonable minds could differ, the proximate cause determination is better left for the jury. *Merchants Mut. Ins. Co. v. Baker* (1984), 15 Ohio St.3d 316, 318, 15 OBR 444, 446, 473 N.E.2d 827, 828.

Reasonable minds could differ as to whether the Brown Derby breached its duty of care to Holl and whether any such breach was the proximate cause of her fall. Therefore, the trial court erred by granting summary judgment in

favor of the Brown Derby. The assignment of error is well taken. The judgment of the trial court is reversed.

*Judgment reversed.*

Quillin, P.J., and Cook, J., concur.