57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Maria E. LAKO, Plaintiff-Appellant,
v.
SPORTS ARENA, INC., d/b/a Toledo Sports Arena, Defendant-Appellee.
 No. 94-3018.
 United States Court of Appeals, Sixth Circuit.
 June 5, 1995.
 
 Before: BROWN, RYAN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Before falling on a darkened stairway in the Toledo Sports Arena, Plaintiff Maria Lako was a nationally ranked doubles figure skater. Lako appeals the granting of defendant Sports Arena's (Arena) motion for summary judgment. This is a diversity case applying Ohio tort law. Lako is a resident of Ann Arbor, Michigan. The Sports Arena is located and has its principal place of business in Toledo, Ohio. We affirm the district court, because under the circumstances of this case, Ohio tort law holds that Arena owed Lako no duty to provide lighting, an usher, or to warn her about the dimensions of the steps.
 
 
 2
 * Lako attended the Ice Capades show at the Toledo Sports Arena on February 9, 1991, as an invited guest of one of the performers. Her parents, her brother, and several friends accompanied her. The group reached its seats in the arena by walking up a stairwell, then down some plywood steps. Initially, the group was directed to their seats by an usher, and the lights were on.
 
 
 3
 At intermission, Lako and some friends went to the concession area. When they saw the lights dim and heard the show's music begin, they began to return to their seats. They walked up the stairwell. Before descending the plywood steps to her seat, Lako looked for an usher, "and there was no one around, so I decided to venture out ...." Lako fell while attempting to negotiate these steps.
 
 
 4
 Lako sued Arena, claiming that its negligence caused her fall. She asserted that Arena failed to provide adequate lighting, the assistance of an usher, and a stairway free of defects, and also failed to warn Lako of the stairway's defects. Both sides agreed that Lako was a business invitee at the Arena.
 
 
 5
 The court below held that, under Ohio law, since Lako had negotiated the plywood stairs twice before her fall, she was charged with knowing the condition of the stairs. Therefore, any defect in the stairs was not latent or concealed as a matter of law. Thus, Arena did not have a duty toward Lako as a business invitee to warn her about the dimensions of the steps or to assist her. Furthermore, the court below held that even if Lako could establish that Arena had breached a duty to her, "reasonable minds could only conclude that plaintiff's own negligence in deciding to 'venture out' without being able to see where she was going outweighs any negligence on the part of the defendant."
 
 II
 
 6
 This court must first consider whether Lako's allegations that the arena was unreasonably dangerous present a genuine issue of material fact for the jury. Under Erie R.R. v. Tompkins, 304 U.S. 64 (1938), a federal court deciding a diversity case under state law must apply the law of the state's highest court. This court reviews the district court's determinations of Ohio law de novo. Regina College v. Russell, 499 U.S. 225, 239 (1991). This court reviews a district court's granting of a motion for summary judgment de novo. Baggs v. Eagle-Picher Industries, Inc., 957 F.2d 268, 271 (6th Cir.), cert. denied, 113 S. Ct. 466 (1992). We affirm the district court only if we determine that the pleadings, affidavits, and other submissions show "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When evaluating this appeal, we view the evidence in the light most favorable to the non-moving party. Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
 
 
 7
 Lako argues that Arena is liable because it failed to exercise reasonable care, by constructing "irregular" stairs and by failing to provide lighting or an usher to assist Lako with returning to her seat. Lako relies on a 1936 Ohio case to support her argument. Idora Amusement Co. v. Dankovich, 21 Ohio 666 (Ct. App. 1936). In Idora, that court found a theater liable for injuries suffered by a customer, who walked into the theater from bright sunshine and fell into an open orchestra pit. Lako claims that this court should apply Idora as Ohio's law on this issue, and find that Arena owed Lako a duty that it breached by failing to provide safer steps, lighting, or an usher.
 
 
 8
 However, recent Ohio cases with facts more similar to this case lead us to hold otherwise. It is true that, under Ohio law, a business invitee is owed a duty of ordinary care. Arena has the duty to maintain its premises in reasonably safe condition. Paschal v. Rite Aid Pharmacy, Inc., 480 N.E.2d 474, 475 (Ohio 1985). However, Ohio courts have found, in a variety of situations, that owners owe no duty to invitees to remedy or warn of hazardous conditions when the invitee has already encountered the condition. Rather, the invitee is charged with being on notice of the situation, and is expected to take precautions. Sidle v. Humphrey, 233 N.E.2d 589 (Ohio 1968), cited in Reinhardt v. Cedar Point, Inc., No. E-91-13, 1991 WL 225107 at * 2 (Ohio Ct. App. Nov. 1, 1991); see also Basco v. Blackburn, No. 91-OT-001, 1991 WL 192189 (Ohio Ct. App. Sept. 30, 1991); Kokocinski v. The Depot, Inc., No. L-89-267, 1990 WL 106438 (Ohio Ct. App. July 27, 1990).
 
 
 9
 Ohio courts find that darkness is an obvious hazard, and plaintiffs who "venture out" into the dark understand that danger. Jeswald v. Hutt, 239 N.E.2d 37 (Ohio 1968) (JNOV proper after jury award for slip and fall in dark, frozen parking lot). Reinhardt, 1991 WL 225107 at * 3 (citing Jeswald); see also Chovan v. Westgate Dinner Theater, Inc., No. L-92-269, 1993 WL 77074 (Ohio Ct. App. March 19, 1993) (summary judgment for defendant affirmed when customer trips on step in dark after successfully negotiating the step when light).[1]
 
 
 10
 Following Ohio law, we find that Arena owed no duty to Lako to provide lighting or assistance in negotiating the steps to her seat. Lako is charged with knowing the condition of the steps because she navigated them before. She is also charged with understanding the risk presented by the dark. Therefore, we affirm the district court's granting of defendant's motion for summary judgment. Even construing the facts in favor of Lako, under Ohio law Arena had no duty to provide illumination, an usher, or better steps.
 
 
 11
 This issue is dispositive of this case. We need not consider Lako's contention that under Ohio's comparative negligence statute, Lako was not more than 50% liable for her injuries as a matter of law. See Ohio Rev. Code Ann. Sec. 2315.19. The judgment of the district court is
 
 
 12
 AFFIRMED.
 
 
 13
 RYAN,Circuit Judge, dissenting.
 
 
 14
 Because I disagree with my colleagues' view of the duty that the Sports Arena owed Lako under Ohio law, I respectfully dissent.
 
 I.
 
 15
 Under Ohio tort law, the duty that a business owes to its invitees is
 
 
 16
 a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. A shopkeeper is not, however, an insurer of the customer's safety. Further, a shopkeeper is under no duty to protect business invitees from dangers which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them.
 
 
 17
 Paschal v. Rite Aid Pharmacy, 18 Ohio St. 3d 203, 203-04 (1985) (citations omitted).
 
 
 18
 An important temporal distinction in Ohio case law must be noted. In 1980, Ohio enacted a statute that changed the common-law contributory negligence rule to a rule of modified comparative fault. A negligent plaintiff may now recover from a negligent defendant so long as the plaintiff's negligence is not greater than the negligence of all the named defendants in the suit. Ohio Rev. Code Ann. Sec. 2315.19. When relying upon an Ohio negligence case dated prior to 1980, one must be careful to note the extent to which the complete bar of contributory negligence, under the old law, influenced the decision of the court.
 
 
 19
 Lako alleges that the Sports Arena was negligent in four ways: 1) failing to properly light the arena; 2) failing to provide ushers; 3) failing to warn Lako that the inner stairs were dangerous in the dark; and 4) failing to use ordinary care in designing and maintaining the inner stairs.
 
 
 20
 The reasoning of the district court and of the majority opinion is that the Sports Arena owed Lako no duty for two reasons: 1) Lako knew that the arena was dark but attempted to return to her seat; and 2) Lako had used the stairs twice before. I believe that under Ohio law neither of these conditions is sufficient to absolve the Sports Arena of its duty as a business owner.
 
 
 21
 The district court relied on Jeswald v. Hutt, 15 Ohio St. 2d 224 (1968), for the conclusion that darkness relieved the Sports Arena of its duty to Lako. Jeswald was decided when a plaintiff's contributory negligence was a complete bar to recovery in Ohio. To the extent that the Jeswald court discussed darkness, it did so in the context of contributory negligence's complete bar. Id. at 227. The district court also relied on unpublished appellate decisions that have interpreted Jeswald as holding that darkness absolves the business owner of his duty to the invitee. However, no published decision has held that the presence of darkness relieves the business owner from his duty to provide reasonably safe premises.
 
 
 22
 Lako argued that the Sports Arena had breached its duty to provide her with a reasonably safe business premise by, among other things, providing inner stairs that were negligently constructed. The defect in the inner stairs that Lako alleges is their irregularity and the abnormal ratio of riser to tread. Lako's expert's report concludes that the inner stairs were "nonstandard" and therefore were unreasonably dangerous in the dark. In concluding that the Sports Arena owed Lako no duty regarding the defects in the stairs, the district court relied on three unpublished appellate decisions which stand for the proposition that one who negotiates stairs successfully is charged with knowledge of any defect in those stairs. Published appellate decisions state a different rule.
 
 
 23
 In Holl v. Montrose, Inc., 82 Ohio App. 3d 644 (1992), the court stated:
 
 
 24
 [The plaintiff]'s prior usage of this stairway, without incident, is not sufficient to charge her with knowledge of any defective condition because knowledge of the condition was not essential to the prior usage of the stairway.
 
 
 25
 Id. at 648 (citing Shaw v. Central Asphalt Corp., 5 Ohio App. 3d 42, 44 (1981)).
 
 
 26
 Shaw v. Central Asphalt Corp., on which the Holl court relied, was decided under the contributory negligence rule. In Shaw, the court of appeals held that
 
 
 27
 knowledge of a condition should be charged as a matter of law only when the condition is so obvious that a jury could only conclude that a reasonably prudent person would or should have known it. In cases where prior usage is utilized to charge one with knowledge of a defective condition such prior usage in itself is not conclusive unless knowledge of the condition was essential to the success of the prior use.
 
 
 28
 Id. at 44.
 
 
 29
 In the context of summary judgment, the district court should have taken Lako's expert's opinion as true and given Lako the benefit of the reasonable inferences that a reasonable juror could draw from it. Because the expert concluded that the stairs' irregularity made them dangerous in the dark, Lako cannot be charged with knowledge of the defect in the stairs under the rule announced in Shaw and Holl. Knowledge of this defect was not essential to Lako successfully negotiating the stairs when the arena was lighted.
 
 
 30
 Although I am not convinced that Lako has a strong claim or that she would prevail if the case were submitted to a jury, I am convinced that the district court erred in concluding that the Sports Arena owed Lako no duty as regards the darkness of the arena combined with the condition of the stairs. The Sports Arena's position is that if a business owner negligently installs defective stairs, then a business invitee has only one chance to recover in tort: the invitee must slip on the stairs when she first uses them because, if she slips the second time she uses the stairs, then the business owner owes her no duty to provide reasonably safe premises. Alternately, if a business owner provides stairs that are defective in the dark, then a business invitee can never recover in tort because using stairs in an arena that the business owner has intentionally darkened absolves the owner of its duty to provide safe stairs. Such a view offends common sense and, not surprisingly, is untenable under Ohio law.
 
 
 31
 The Sports Arena invited members of the public into its facilities and invited them to venture out into the outer arena where the concessions stands were located. During an intermission in the ice show, Lako accepted the invitation. Suddenly, without any announcement, the Sports Arena darkened the inner arena. When Lako returned to the arena proper for the show, according to her, the steps were not illuminated in any way, and there were no ushers to be found. In an effort to make her way to her seat unaided, in the darkened arena, she fell off the undisputably "non-standard" steps.
 
 
 32
 One must remember that not all obvious dangers relieve the business owner of a duty to protect the invitee, only those dangers that "are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Paschal v. Rite Aid Pharmacy, 18 Ohio St. 3d at 204 (emphasis supplied). It is a question of fact for the jury to decide whether the defect in the stairs was a danger such that Lako should have reasonably been expected to discover it and protect herself. In my view, the district court erred when it resolved this question as a matter of law.
 
 II.
 
 33
 Because my colleagues decide the case on the issue of the Sports Arena's duty, they do not reach the issue of Lako's comparative negligence. As this was an alternate and sufficient basis for the district court's grant of summary judgment, I willaddress the issue briefly. Under Ohio's statutory rule of comparative negligence, summary judgment for a defendant is appropriate if,as a matter of law, the plaintiffis more negligent than the defendant. Osler v. City of Lorain, 28 Ohio St. 3d 345 (1986).
 
 
 34
 The district court relied on two unpublished appellate decisions for the proposition that Lako was more negligent than the Sports Arena as a matter of law because using the stairs gave her knowledge of any defects in the stairs. Again, a published appellate decision announces a different rule. In Shaw v. Central Asphalt Corp., 5 Ohio App. 3d 42 (1981), a case that was decided under the rule of contributory negligence. The court stated:
 
 
 35
 It is important to note that even if knowledge of the conditions could be charged to [the plaintiff], his lack of due care to avoid injury to himself would also have to be shown in order to find him contributorily negligent. Knowledge of danger does not in itself establish contributory negligence. Here the trial court erred in that after charging [the plaintiff] with knowledge of the defects in the stairs, the court said nothing as to how [the plaintiff] strayed from the standard of due care.
 
 
 36
 Id. at 45.
 
 
 37
 This reasoning is even more compelling in the context of comparative negligence. Taking the evidence in the light most favorable to Lako, she surely knew that proceeding in the dark was possibly dangerous; however, I am not convinced that proceeding to the seat to which she was "invited," in an arena purposely darkened by the arena management to enhance the attraction being presented, would, as a matter of law, constitute a lack of due care sufficient to outweigh the negligence of improperly constructing the inner stairs and giving no warning that the arena would be darkened. I think the district court erred by resolving this factual question as a matter of law.
 
 
 38
 I would reverse the district court's grant of summary judgment.
 
 
 
 [1]
 Under Ohio Supreme Court Rules for the Reporting of Opinions Rule 2(G)(2), "each unofficially published opinion or unpublished opinion shall be considered persuasive authority on a court ... in the judicial district in which the opinion was rendered. Opinions reported in the Ohio Official Reports, however, shall be considered controlling authority for all purposes in the judicial district in which they were rendered unless and until each such opinion is reversed or modified by a court of competent jurisdiction."
 As an aside, we note that both of the Ohio Court of Appeals cases cited by the dissent, Shaw v. Central Asphalt and Holl v. Montrose, are from the Summit County Court of Appeals, in Ohio's Ninth District. Reinhardt is from the Erie County Court of Appeals, in Ohio's Sixth District; Basco is from the Ottawa County Court of Appeals, also in Ohio's Sixth District; and Kokocinski and Chovan are from the Lucas County Court of Appeals, also in Ohio's Sixth District.