Appellant Travis Nay is appealing a jury verdict from the Tuscarawas County Court of Common Pleas that found in favor of Appellee Thomas Knighton. The following facts give rise to this appeal.
This lawsuit is a result of an accident that occurred on October 3, 1993, in Washington Township, Tuscarawas County. At the time of the accident, appellant was traveling westbound and appellee was traveling eastbound on Township Road 357. Immediately prior to the collision, appellee swerved to miss a squirrel in the road. The vehicles collided head-on as both vehicles were left of center. Following the accident, appellant was life-flighted to a hospital, in Columbus, where he remained in a coma for several weeks.
As a result of the accident, on August 30, 1994, appellant filed a complaint against appellee and the Washington Township Board of Trustees alleging negligence on the part of both parties. On September 26, 1994, appellee filed an answer and cross-claim against the township trustees. On October 20, 1994, the township served its answer to appellant's complaint and cross-claim and filed its cross-claim against appellee.
On January 3, 1995, appellee moved to join State Farm Mutual Automobile Insurance Company and the Office of Medicaid/Ohio Department of Human Services based on their interests in the litigation as appellant's subrogated carriers. The trial court granted the motion on February 1, 1995. The Department of Human Services served its complaint and filed a cross-claim against appellant on February 15, 1995. On March 8, 1995, the Ohio Department of Human Services dismissed its complaint against the Washington Township Board of Trustee.
Thereafter, on March 7, 1995, appellant's minor son initiated a second action, against appellee, through his mother Heather Filby, alleging a loss of services and support from appellant as a result of the accident. On March 13, 1995, appellant answered the complaint and moved to have the two cases consolidated. The trial court granted appellee's motion on March 28, 1995. The Washington Township Board of Trustees filed a motion for summary judgment on August 15, 1995. The trial court granted the motion on October 18, 1995.
This matter proceeded to a jury trial on June 29, 1998.[1]
Following deliberations, the jury returned answers to interrogatories indicating appellee was negligent, but that said negligence was not the proximate cause of the accident. Consistent with the answers to the interrogatories, the jury returned a general verdict in favor of appellee. Appellant filed a motion for new trial on July 22, 1998. Appellant alleged the jury verdict was inconsistent with the answers to the interrogatories. The trial court overruled appellant's motion on August 27, 1998.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S CIVIL RULE 59(A)(6) MOTION FOR A NEW TRIAL WHERE THE JURY'S VERDICT WAS MANIFESTLY AGAINST THE WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN PERMITTING AN EXPERT WITNESS TO TESTIFY THAT A SPEED, WHICH WAS LESS THAN POSTED SPEED, WAS UNREASONABLE.
 III. THE TRIAL COURT ERRED IN PERMITTING THE EXPERT WITNESS TO LEAVE THE WITNESS CHAIR AND GO TO THE JURY BOX FOR DEMONSTRATION PURPOSES.
 IV. THE TRIAL COURT ERRED IN PERMITTING EXPERT TESTIMONY IN A PARTICULAR AREA WITHOUT THE EXPERT BEING PROPERLY QUALIFIED IN THAT AREA.
 I
Appellant maintains, in his First Assignment of Error, the trial court erred in overruling his motion for new trial because the jury's verdict is against the manifest weight of the evidence. We disagree.
The granting of a new trial lies in the trial court's discretion. Rohde v. Farmer (1970), 23 Ohio St.2d 82, paragraph one of the syllabus. In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The Ohio Supreme Court further explained in the Rohde case that:
 * * * In ruling on a motion for new trial upon the basis of the claim that a judgment is not sustained by sufficient evidence, the court must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence.
Under a manifest weight analysis, we must determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris v. Foley Construction (1978), 54 Ohio St.2d 279, syllabus. If the jury has some competent, credible evidence upon which to base its decision, we will not interfere with its finding.
"Without evidence in the record reflecting that the jury was wrongfully influenced or that the award is manifestly excessive or inadequate, a reviewing court's interference with the jury's verdict is unwarranted." Moskovitz v. Mt. Sinai Med. Ctr.
(1994), 69 Ohio St.3d 638, 655, certiorari denied (1994),513 U.S. 1059. Only when "* * * the verdict is so gross as to shock the sense of justice and fairness, cannot be reconciled withthe undisputed evidence in the case, or is the result of anapparent failure by the jury to include all the items of damagemaking up the plaintiff's claim * * *" will we find the judgment is against the manifest weight of the evidence. (Emphasis sic.) Bailey v. Allberry (1993), 88 Ohio App.3d 432,435.
In support of this assignment of error, appellant claims he is entitled to a new trial because an inconsistency exists between Jury Interrogatory No. 1 and Jury Interrogatory No. 2. In Jury Interrogatory No. 1, the jury determined appellee was negligent when he operated his motor vehicle on Township Road 357 just prior to and at the time of the traffic crash involving appellant. In Jury Interrogatory No. 2, the jury determined appellee was not the proximate cause of the accident.
Our review of the record indicates there was competent, credible evidence that appellant's negligence proximately cause the accident. Appellee claims appellant waived this issue by not objecting to the interrogatories submitted to the jury. However, we find appellant does not challenge the wording of the interrogatories but instead challenges the jury's answers to Jury Interrogatories Nos. 1 and 2 on the basis that they are inconsistent. Thus, appellant did not waive this issue, on appeal, by failing to object to the wording of Jury Interrogatories Nos. 1 and 2.
At trial, appellee called Henry Lipian, an accident reconstruction expert. Mr. Lipian testified that appellant's vehicle was traveling at thirty-two to forty-five miles per hour when he first began to react to appellee's vehicle. Tr. at 533. Mr. Lipian also testified that speeds in excess of thirty miles per hour, on the road where the accident occurred, are not reasonable. Tr. at 548. Further, the increased speed significantly decreased traction, increased stopping distance, decreased the time for operator reaction and maneuvering and made evasive maneuvers more difficult to execute. Tr. at 547-548. Finally, Mr. Lipian testified that had appellant been driving twenty-five miles-per-hour he would have been able to stop short of the collision point. Tr. at 550-551. The testimony of Mr. Lipian supports the jury's conclusion that although negligent, appellee was not the proximate cause of the accident.
Further, the mere act of being negligent does not establish proximate cause. A jury may find a person negligent but also find that such negligence was not the proximate cause of the injuries. See McCrystal v. Trumbull Memorial Hospital (1996),115 Ohio App.3d 73; Sharp v. Norfolk W. Ry. Co. (1995),72 Ohio St.3d 307; Luong v. Schultz (1994), 97 Ohio App.3d 472;Williams v. Williams (1990), 68 Ohio App.3d 529. Negligent conduct is a separate issue from proximate cause. See Wellmanv. East Ohio Gas Co. (1953), 160 Ohio St. 103; Holl v.Montrose, Inc. (1992), 82 Ohio App.3d 644. Therefore, the jury's determination that appellee was negligent did not automatically establish appellee's negligent conduct was the proximate cause of the accident. The record contains evidence to support the jury's conclusion and therefore, the jury's verdict is not against the manifest weight of the evidence. The trial court did not abuse its discretion when it overruled appellant's motion for new trial.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the trial court erred when it permitted an expert witness to testify that a speed, which was less than the posted speed limit, was unreasonable. We disagree.
Appellee's expert, Henry Lipian, testified to the following at trial:
 Q. Based on your training and your experience and your investigations and (inaudible), and your view of the scene, do you have an opinion to a reasonable scientific certainty whether speed in excess of 30 miles per hour on this road traveling from east to west was reasonable?
A. I do.
Q. What is that opinion?
MR. JOHNSON: Object
THE COURT: Overruled. You can give your answer.
 A. I believe that speeds above 30 miles an hour as you approach the crest of this hill and I drove it myself both directions a number of times, would represent the upper limit of reasonable speed until you get over the crest of the hill where you can see what's on the other side. My opinion speeds in excess of 30 would fall into the unreasonable category at this position. Tr. at 548.
The posted speed limit for the road where the accident occurred is fifty-five miles per hour. Appellant claims this testimony was prejudicial to his case because he was traveling within the posted speed limit at the time of the accident.
The decision regarding the admissibility of expert opinions rests within the sound discretion of the trial judge and that decision will not be reversed on appeal unless there is a clear showing that the trial court abused its discretion. Vinci v.Ceraolo (1992), 79 Ohio App.3d 640, 646. We find the trial court did not abuse its discretion by permitting Mr. Lipian to address the reasonableness of appellant's speed. This conclusion is based on the wording of R.C. 4511.21, Ohio's speed limit law. This statute provides, in pertinent part:
 (A) No person shall operate a motor vehicle, trackless trolley, or streetcar at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit the person to bring it to a stop within the assured clear distance ahead.
Ohio's speed limit law therefore requires such speed that is reasonable under the circumstances and which allows a person to bring his or her vehicle to a stop within an assured clear distance. The posted speed limit of fifty-five miles per hour is the prima facie speed which is presumed reasonable. The trial court recognized the "reasonableness" factor of the statute when it instructed the jury as follows concerning speed:
 The posted speed limit on the roadway involved in this case on October 3, 1993 was 55 miles per hour. Speed in excess of a posted 55 miles per hour speed limit is always a violation of law. Operation of a vehicle at a speed less than 55 miles per hour may in fact also be a violation of law. That is, speed unreasonable for conditions. Tr. at 702-703.
Based on the language of R.C. 4511.21, we find the trial court properly permitted Mr. Lipian to testify as to the "reasonableness" of appellant's speed at the time of the accident. Accordingly, we find the trial court did not abuse its discretion when it permitted Mr. Lipian to testify that a speed in excess of thirty miles per hour is unreasonable until one passes over the crest of the hill.
Appellant's Second Assignment of Error is overruled.
 III
Appellant maintains, in his Third Assignment of Error, the trial court erred when it permitted the expert witness to leave the witness stand and go to the jury box to demonstrate, with the use of models, various speeds of the motor vehicles involved in the collision. We disagree.
"It is well settled that a trial court judge possesses inherent power to regulate court proceedings. State ex rel.Butler v. Demis(1981), 66 Ohio St.2d 123, 128, 20 O.O.3d 121,430 N.E.2d 116, 119; Maddex v. Columber(1926), 114 Ohio St. 178,183, 151 N.E. 56, 57. A ruling or order by the court affecting the conduct of trial will not be reversed unless the complaining party demonstrates a prejudicial abuse of discretion." Holm v. Smilowitz (1992), 83 Ohio App.3d 757,771-772. Further, Evid.R. 611 (A) addresses control by the court and provides:
(A) Control by court
 The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
The transcript indicates Mr. Lipian went before the jury box in order to demonstrate with the use of models. Tr. at 550. The trial court determined this was not objectionable behavior.Id. Appellant has not demonstrated a prejudicial abuse of discretion by permitting Mr. Lipian to demonstrate, with the models, before the jury box.
Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant contends the trial court erred in permitting expert testimony in a particular area without the expert being properly qualified in that area. We disagree.
Specifically, appellant refers to expert witness Henry Lipian's testimony concerning what appellant's vehicle would do when its wheels locked up. Decisions regarding the admissibility of expert testimony are within the sound discretion of the trial court. Vinci at 646. Evid.R. 702 permits a witness to testify as an expert if all of the following apply:
 (A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 (B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 (C) The witness' testimony is based on reliable scientific, technical, or other specialized information. * * *
Mr. Lipian's qualifications are contained in the record and are as follows:
 1. Ten years active duty in the United States Coast Guard, with duties including the reconstruction of small craft and large ore carrier accidents.
 2. Eight years with the Ohio State Highway Patrol, including graduation from the Highway Patrol Academy, post-graduate school in the Highway Patrol Academy, Technical Accident Investigation, and Psycho Physical Testing. During this time period Mr. Lipian also served as the assigned technical accident investigator and reconstructionist for the Elyria Post of the Highway Patrol.
 3. Mr. Lipian is a graduate of the following programs: Northwestern Traffic Institutes Crash Reconstruction I and Crash Reconstruction II programs, University of North Portage School on Special Problems and Accident Reconstruction, Texas A M University School in Bio-Mechanics of Accidents, Society University School in Bio-Mechanics of Accidents, Society of Automotive Engineer School in Airbags and Airbag Sensor Systems, Care Corporation in Forensic Mapping.
 4. Mr. Lipian is an instructor or past instructor on accident reconstruction with the Highway Patrol, Case Western Reserve University, Cuyahoga Community College, Lakeland Community College, University of North Florida and various police departments. Tr. at 519-521.
Further, Mr. Lipian testified that he personally investigated at least one hundred accidents or more where the speedometer locked in place. Tr. at 593. We find, based on Mr. Lipian's training and experience, the trial court did not abuse its discretion when it permitted Mr. Lipian to testify regarding what appellant's vehicle would do when the wheels locked up.
Appellant's Fourth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
By: Wise, P. J., Hoffman, J., and Farmer, J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] During the pendency of these proceedings, appellee's counterclaim, for injuries sustained in the accident, was settled and dismissed by order dated October 18, 1995.