Settles, Appellant, *v.* Strobridge Lithographing Co., Appellee. (Two cases.)

(Nos. 8112 and 8113—Decided June 18, 1956.)

*Messrs. Harmon, Colston, Goldsmith & Hoadly, Mr. Henry B. Street* and *Mr. Douglas G. Cole,* for appellants.
*Messrs. Rendigs, Fry & Kiely,* for appellee.

Hildebrant, J. These appeals on questions of law from a judgment entered on a jury verdict for defendant are, in consolidated cases of a wife and husband, presented to this court upon a single record.

The plaintiff wife was injured in a fall at the fifth step from the bottom of a stairway leading from the ground floor to the basement of a building, of which defendant was the owner-lessor out of possession and control, and seeks to impose liability in damages upon the defendant for failure to provide and maintain a handrail, as required by Section 1006, General Code, and related Section 1007, General Code. The court doubts the applicability of those sections to the instant cases, but, nevertheless, will consider the cases as if they were applicable.

In 1940, defendant, at lessee's request and in conformity to lessee's specifications, built a one-story storeroom with basement and leased it to Leo's Stores, Inc., which has been in ex-

clusive possession and control under five-year lease agreements ever since. As originally constructed and leased, the stairway to the basement was equipped with a handrail. It is clear from the record that, at some time during the continuous tenancy, lessee, for reasons of its own, removed the handrail and stored it against a wall in the basement.

On May 29, 1953, plaintiff wife was, and had been since August 1950, an employee of the store and on that day had occasion to go to the basement, which was not used by lessee generally as a place of public resort but rather for purposes of storage, and while descending the steps the wife suffered the fall, which she describes in the following manner:

"A. As I was going down the steps I had wedge shoes on with open toe and a splinter got caught in my toe and the pain made me fall; it like threw me and I could grab on to anything, the wall was slick on my right side and I had no way of breaking the fall and I hit my back on the steps.

"Q. Was there a handrail? A. There was no rail.

"Q. Do you recall on what step it was that this splinter got caught. A. The fifth step.

"Q. Fifth from the bottom? A. That is right.

"Q. Where did you land? A. On the concrete bottom and hit the first step, my back hit again on the first step."

The lessee's employees testified that the steps had become worn, frayed and splintered, due to sliding and bumping heavy merchandise in and out of the basement, and admitted removing the handrail, no doubt because of its interference with that practice. It is clear from the record that the handrail was not in place on May 29, 1953, nor had it been in place at any time during plaintiff's employment. It is clear from the record and exhibits also that the marks of the rail along the wall and the holes in the masonry whereby it had been attached clearly disclosed that it had at one time been in place. Subsequent to plaintiff's fall, the rail was refitted to its original identical position on the wall.

Plaintiff testified that, prior to her fall, on an average she used the stairway once a day during the almost three years of her employment.

The case was tried upon a petition and an answer consist-

ing of a general denial, which, by leave of court, at the close of all the evidence was amended to include the defenses of contributory negligence and assumption of risk.

Defendant moved for a directed verdict at the close of plaintiff's case and again at the close of all the evidence, which motions were overruled.

It is well settled in Ohio, as elsewhere, that the principle, that one who voluntarily assumes risk of injury from a known danger is barred from a recovery, is recognized in negligence cases such as the one at bar. Succinctly, the doctrine of assumption of risk is that one who knows, appreciates and deliberately exposes himself to danger assumes the risk thereof.

As an employee of the lessee, it is clear that plaintiff was upon the premises in the right of the tenant. It is stated in 38 American Jurisprudence, 846, Section 171:

"Assumption of risk, as well as contributory negligence, of a tenant relieves a landlord from liability for personal injuries resulting to the tenant on account of a defective condition of the premises, where the landlord is sought to be held liable under statutes or ordinances requiring him to keep the premises safe."

Whether a party assumed the risk of injury is ordinarily a question for the jury, particularly where the facts are in dispute, but where the facts are undisputed, as in this case, or where it is clearly shown that the person accepted a danger that he clearly understood, and that he had a foresight of the consequences and a readiness to accept them, he may be charged with assumption of a risk as a matter of law. In 38 American Jurisprudence, 1055, Section 349, it is stated:

"Where it appears to be clear that the plaintiff had knowledge of and appreciated his danger or that the danger was so obvious or apparent that knowledge should have been imputed to him, the court may declare as a matter of law that he assumed the risk or peril of such a situation. However, before a nonsuit can be entered or a verdict directed against one suing to recover damages for personal injuries alleged to have been caused by another's negligence, on the ground that plaintiff had assumed the risk of injury, the fact of actual or constructive knowledge of the danger on the part of the plaintiff must ap-

pear, either directly or by necessary inference from the evidence and the uniform experience of men, after the evidence has received a construction most favorable to the plaintiff.''

See *General Railway Signal Co.* v. *Valois, Admr.*, 25 C. C. (N. S.), 423, 35 C. D., 302, wherein Wildman, J., wrote in concurring:

''He did not assume the risk in the sense that a person assumes it by a contract of employment between master and servant, but assumed it something in the same sense that a person walking over a defective sidewalk assumes the risk, if he knows the danger or ought to see it or ought to know it by the exercise of ordinary care. It does not grow out of contract.''

In 29 Ohio Jurisprudence, 742, Section 206, it is stated:

''Where the facts are admitted, the question of assumption of risk may become one of law for the court.''

Applying the principles delineated above to the undisputed facts of this case, as they appear from the plaintiff's own testimony and all the evidence, the court is of the opinion that reasonable minds can conclude only that plaintiff accepted a danger, clearly understood by her, with foresight of the consequences thereof and a readiness to accept them, which, on her part, constituted an assumption of risk as a matter of law barring recovery herein, and defendant's motion for judgment at the close of all the evidence should have been granted.

In accord with the above conclusion, requiring final judgments for the defendant, the judgments for the defendant are affirmed.

*Judgments affirmed.*

Ross, P. J., and Matthews, J., concur.