HAARMEYER, APPELLANT, *v.* ROTH ET AL., APPELLEES.
(Two cases.)*

*Motions to certify the records overruled, May 17, 1961.

(Nos. 8830 and 8831—Decided December 30, 1960.)

*Mr. Milton M. Bloom*, for appellants.
*Messrs. McIntosh & McIntosh*, for appellees.

COLLIER, J.   The plaintiff Martha Haarmeyer, in case No. 8830, brought this action in the Common Pleas Court of Hamilton County, Ohio, to recover damages for her injuries claimed to have been the proximate result of the appellees' negligence in maintaining an unsafe stairway in the apartment building owned by appellees in Cincinnati, Ohio, in which the plaintiff and her husband were tenants on December 22, 1954. The plaintiff Edward Haarmeyer, in case No. 8831, the husband of Martha Haarmeyer, in his petition sought to recover for loss of his wife's medical expenses, his wife's services, consortium and companionship.   The allegations of negligence in the two petitions are identical, the cases were consolidated for the purpose of the trial and will be considered together in this appeal as one case.   The parties will be referred to as the plaintiffs and defendants.

At the close of plaintiffs' case, on motion of the defendants,

the court directed the jury to return a verdict in favor of the defendants. The motion for a new trial was overruled and from that judgment the plaintiffs have perfected an appeal on questions of law to this court. The following specifications of negligence were alleged in the petition:

1. In failing to maintain the steps of the stairway in a safe condition;

2. In allowing a metal stripping on a step of the stairway to fall into disrepair;

3. In failing to inspect the steps to discover this condition of disrepair; and

4. In failing to furnish a handrail on the stairway in violation of Ordinance 1704-5 of the City of Cincinnati, which was in force on December 22, 1954.

The defendants' answer admitted the ownership of the building, but denied all other allegations of the petition and charged the plaintiff Martha Haarmeyer with contributory negligence.

The evidence, briefly stated, discloses that the building is a four-family apartment house with a front entrance and hallway with a stairway that led to plaintiffs' apartment, consisting of four steps above ground level; that there was a landing on the stairway at the entrance of plaintiffs' apartment; that the stairway was fifty-three and one half inches wide and on the edge of the landing step there was a metal strip to hold down the linoleum; that this metal stripping was worn and as a result raised in "bulges" above the landing from ⅜" to ½"; that the plaintiff Edward Haarmeyer had resided in this apartment three or four years prior to this accident and the plaintiff Martha Haarmeyer had resided there since August 7, 1954; that on December 22, 1954, at about 10:00 a. m., Mrs. Haarmeyer left her apartment to go to the basement; that she was wearing regular walking shoes and dressed in a housecoat and as she stepped forward she caught the heel of her right shoe on the raised portion of the metal stripping about ten or twelve inches from the right wall, fell forward and grabbed for the wall with her right hand; and that there was no handrail on the stairway and she fell to the bottom of the stairway thereby sustaining the injuries complained of.

The assignments of error set forth in plaintiffs' brief are:

The trial court erred to the prejudice of the plaintiffs, appellants herein:

1. In finding as a matter of law that defendants' negligence was not the proximate cause of plaintiff's injuries.

2. In finding as a matter of law that plaintiff's own negligence proximately contributed to the cause of her own injuries.

3. In determining that the doctrine of "assumption of risk" was synonymous with "contributory negligence," thereby precluding recovery.

4. In directing a verdict for defendant-appellees and entering final judgment for defendant-appellees.

The municipal ordinance of the city of Cincinnati referred to in plaintiffs' fourth specification of negligence in the petition reads:

"Sec. 1704-5 Railings. All stairways shall have walls or substantial balustrades or effective guards on each side and handrails shall be placed on at least one side of every stairway. Stairways exceeding 44 inches in width shall have handrails placed on each side. Stairways more than 88 inches wide shall also be provided with one or more continuous intermediate handrails substantially supported and the number and position of intermediate handrails shall be such that there are not more than 88 inches between adjacent handrails.

"Handrails and railings shall be placed not less than 30 inches above the nosing of treads and ends of handrails shall, where practicable, be returned to the wall."

The primary question for determination is whether, on the facts above set forth, the court erred in directing a verdict for the defendants at the close of plaintiffs' case. In considering the motion of a party for a directed verdict the court must assume, for the purpose of the motion, the admission of all the facts which the evidence tends to prove, and the evidence must be construed strongly in favor of the party against whom the motion has been made. Such motion presents purely a question of law and must be determined on uncontroverted facts and undisputed evidence. If the evidence is in conflict or if it becomes necessary to weigh the evidence and determine from conflicting evidence of the same or different witnesses wherein the truth

probably lies, the motion will be overruled. 39 Ohio Jurisprudence, 792, Section 179 *et seq.*

Under these rules the test is whether, on the undisputed facts, reasonable minds can reach different conclusions on the issues of fact to be determined. *Hamden Lodge* v. *Ohio Fuel Gas Co.*, 127 Ohio St., 469.

In the instant case no question arises as to the applicability of the handrail ordinance to this apartment building owned by the defendants. It was a four-family apartment building with a common entrance and stairway. It is undisputed that the stripping on the edge of the landing was worn and in disrepair to some degree; that the stripping had become raised above the level of the landing in "bulges" from three-eighths to one-half inch; that the plaintiff Martha Haarmeyer caught the heel of her shoe on the raised portion of the metal stripping near the right wall, fell forward and grabbed for the wall with her right hand; and that there was no handrail on the stairway and, therefore, she was unable to break or prevent her fall. It was also undisputed that the plaintiff sustained certain personal injuries.

In sustaining defendants' motion for a directed verdict, the trial court determined that the absence of the handrail was not the proximate cause of the injury sustained by the plaintiff and further found, as a matter of law, that the plaintiff was guilty of contributory negligence or the assumption of risk. The defendants rely strongly on the case of *Renfroe* v. *Ashley*, 167 Ohio St., 472. In that case, our Supreme Court held that, even though the defendant was amenable to the handrail statute, Section 4107.14, Revised Code, the burden is on the plaintiff to adduce evidence from which reasonable minds can reach the conclusion that the absence of the handrail was the proximate cause of the fall and injuries, and, "where the evidence is so meager and inconclusive on that point that a finding of proximate cause would rest solely on speculation and conjecture, it is proper for the trial court, on motion, to direct a verdict for the defendant."

The instant case is easily distinguishable from the *Renfroe case*. The factual situations in the two cases are entirely different. In the first place, it was very doubtful whether the

handrail statute applied in the *Renfroe case* because of the private character of the building. There was no evidence showing what caused the plaintiff to "slip" or "trip" and "fly" down the stairs. The court said, "Why plaintiff 'slipped' or 'tripped' is left to conjecture, and whether in the circumstances the presence of a handrail would have prevented the fall is of too speculative a nature to leave to a jury's guess."

In the case at bar the undisputed evidence clearly shows that plaintiff caught the heel of her shoe in the raised portion of the metal stripping, that she was ten or twelve inches from the wall, that, while losing her balance, she grabbed the wall and that the handrail required by the municipal ordinance was not there. In our opinion, interpreting these undisputed facts in the light most favorable to the plaintiff and giving the plaintiff the benefit of all reasonable inferences that may be drawn therefrom, reasonable minds could reach different conclusions on the question of the proximate cause of plaintiff's fall and resulting injuries.

Of course, it is not certain that the absence of the handrail was the direct and proximate cause of plaintiff's fall, but in a civil action of this nature the plaintiff is not required to establish her claim with absolute certainty. The plaintiff is obligated only to make proof of her claim to the degree of probability by a preponderance of the evidence. Even though the testimony of plaintiff Martha Haarmeyer may have been contradictory, as claimed by the defendants, the trial court erred in determining, as a matter of law, that the absence of the handrail was not the proximate cause of her fall. Whether the testimony of the plaintiff Martha Haarmeyer was false or mistaken was a question for the jury and not for the court. *Hood, a Minor,* v. *New York, Chicago & St. Louis Rd. Co.,* 166 Ohio St., 529.

Likewise, and for the same reasons, the issue of contributory negligence should have been submitted to the jury. Whether the plaintiffs, who had resided in this apartment for some time prior to this accident and were familiar with the premises, knew there was no handrail on the stairs and were aware of the condition of the stairs and made no complaint, or failed to use ordinary care for their own safety, was clearly a question of fact for the jury to determine.

In his comment in ruling on defendants' motion for a directed verdict, the trial judge used the terms, "contributory negligence," and "assumption of risk," as being synonymous. In the case of *Porter, an Infant,* v. *Toledo Terminal Rd. Co.,* 152 Ohio St., 463, it is held that the terms are not synonymous, that the former is based on carelessness and the latter on venturousness. The defense of contributory negligence presupposes negligence on the part of the defendant (*Bush, Admr.,* v. *Harvey Transfer Co.,* 146 Ohio St., 657), while the defense of assumption of risk involves a choice made more or less deliberately and negatives liability without reference to the fact that the party against whom it is asserted may have acted with due care. The two defenses are not identical but they are related and may co-exist in the same case. See 39 Ohio Jurisprudence, 620, Section 83, on Negligence.

For the reasons above stated, the trial court erred in directing a verdict in favor of the defendants at the close of plaintiffs' case and, therefore, the judgment is reversed, and this cause is remanded to the Common Pleas Court for a new trial.

*Judgment reversed.*

HUNSICKER, P. J., and DOYLE, J., concur.

COLLIER, J., of the Fourth Appellate District, and HUNSICKER and DOYLE, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District.