JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Appellant, Joann M. Berenda ("Berenda"), appeals the trial court granting summary judgment in favor of appellee, Buzek, Kiplinger 
Associates ("employer") and appellee, Kenneth S. Buzek.[1] For the reasons that follow, we agree with Berenda that the trial court erred in granting summary judgment[2] on her claim of sex/pregnancy discrimination under R.C. 4112 et seq. Specifically, we find that the trial court erred in its application of the burden-shifting framework set forth in McDonnell-Douglas v. Green (1973), 411 U.S. 792,36 L.Ed.2d 668, 93 S.Ct. 1817, discussed infra. At the outset, we note that summary judgment was inappropriate because there remain genuine issues of material fact surrounding Berenda's ability to satisfy the third prong of her prima facie case of discrimination, that is, whether she was qualified for her position. Further, summary judgment was improper because there remain genuine issues of material fact surrounding the legitimacy of employer's proffered reason for terminating Berenda.
In July 1997, Berenda was hired by employer, an insurance and financial services company. She was hired as an administrative assistant with various duties, including answering the telephone, corresponding with clients, and performing other administrative duties. Berenda was hired to fill in for another woman, Amy Miller, who was pregnant and would be taking maternity leave in August 1997. Berenda alleged she initially worked approximately 25-30 hours per week. In August 1997, Miller took her pregnancy leave. Never returning to work, Miller left appellees' employ on March 30, 1998. When Berenda was hired, she worked the same number of hours as her predecessor. Sometime in March 1998, Berenda told her employer that she was pregnant, and she alleges, from that point on, the employer reduced her hours. Berenda maintains that, up to the date of her termination in September 1998, her hours continued to be reduced. During her employment, Berenda claims, moreover, she was subjected to numerous derogatory and offensive comments related to her pregnancy and also to other sexually offensive remarks which caused her emotional distress. On July 1, 1998 the employer hired Louise Buck as a full-time employee who shared many of Berenda's same duties and was also given the title of administrative assistant.
Claiming a "general slow down" in business, "poor attitude," and "poor performance," the employer terminated Berenda's employment on September 22, 1998. Buck stayed on and assumed Berenda's responsibilities. Both the employer and Kenneth Buzek deny that Berenda's termination was related to her being pregnant. Berenda states that after her termination she and Miller were replaced by females "past child bearing ages" — a claim the employer does not rebut.
In the trial court, employer filed a motion for summary judgment in which it argued that it was entitled to judgment because Berenda was an at-will employee who was terminated for legitimate reasons and, therefore, it had no liability under R.C. 4112 et seq.
In its motion, the employer advanced two arguments against Berenda's discrimination claims. First, the employer argued that Berenda could not bring an action under Ohio's anti-discrimination statute because it was not an "employer" under R.C. 4112.01(A)(2). Second, and only briefly mentioned in the motion, is the employer's claim that its reasons for terminating Berenda were legitimate and nondiscriminatory. The employer supported the entirety of its motion with an affidavit from Kenneth Buzek. The employer's motion also addressed and asked for summary judgment on Berenda's claims for wrongful discharge in violation of public policy, for intentional infliction of emotional distress and for her husband's consortium claim. Kenneth Buzek's affidavit did not address any of these other claims.[3]
Berenda's brief in opposition to the motion for summary judgment responded directly to each of the arguments raised by the employer and was supported by her own affidavit. Berenda's affidavit recites most of the salient facts surrounding her employment, including, but not limited to, presenting all the facts necessary to establish a prima facie case of sex/pregnancy discrimination under R.C. 4112 et seq. Berenda's affidavit also attempts to rebut the employer's claim that it had legitimate and nondiscriminatory reasons for terminating her.
In response to Berenda's brief, the employer filed a reply brief which did not deny or otherwise attempt to controvert any of the facts establishing Berenda's prima facie case for discrimination. The employer's reply brief, like the employer's first brief, argues against liability, because it is not an "employer" under the statute. The reply brief did not include a supplemental affidavit or any other type of evidence permitted by Civ.R. 56(C) or (E).
In deciding to grant the employer's motion, the trial court determined that "a material issue of fact remains in dispute regarding whether the defendant fits the definition of employer under R.C. 4112.02(A)(2)." Assuming arguendo, that Berenda had established a prima facie case under R.C. 4112, the trial court proceeded to the next stage and concluded that Berenda's discrimination claim failed because she did not rebut the employer's claim that her termination was based on legitimate and nondiscriminatory reasons.
In this appeal, Berenda presents one assignment of error, in which we are asked to review whether or not the employer was entitled to summary judgment because she failed to provide any evidence disputing as pretextual the employer's reasons for terminating her.[4]
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT WHEN THE PLAINTIFF-APPELLANT ESTABLISHED A PRIMA FACIE CASE OF SEX DISCRIMINATION(PREGNANCY) AND DEMONSTRATED THAT GENUINE MATERIAL ISSUES OF FACT REMAIN TO BE LITIGATED.
Rule 56(C) of the Ohio Rules of Civil Procedure provides that summary judgment is proper only if the trial court determines that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, viewed most strongly in favor of the party against whom the motion for summary judgment is made, that reasonable minds can come to but one conclusion and that conclusion is adverse to the non-moving party. Harless v. Willis Day Warehousing, Inc. (1998),54 Ohio St.2d 64, 66, 375 N.E.2d 46; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267.
We review the order granting summary judgment de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; McManamon v. H R Mason Contrs. (Sept. 13, 2001), Cuyahoga App. No. 79014, unreported, 2001 Ohio App. LEXIS 4068. Summary judgment should not be granted if the facts are subject to reasonable dispute. The improper grant of summary judgment "precludes a jury's consideration of a case, and should, therefore, be used sparingly, only when reasonable minds can come to but one conclusion." Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 269, 617 N.E.2d 1068; Shaw v. Central Oil AsphaltCorp. (1981), 5 Ohio App.3d 42, 44, 449 N.E.2d 3. Particularly pertinent here is the pronouncement made by the Ohio Supreme Court in Dresher v.Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264, explaining the shifting burdens of proof under Civ.R. 56 and stated that,
 [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis of the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. (Emphasis added in part and deleted in part.)
Dresher at 293, 662 N.E.2d at 274; Kulch v. Structural Fibers, Inc. (1997), 78 Ohio St.3d 134, 677 N.E.2d 308; Wilmot v. Forest CityAuto Parts (June 22, 2000), Cuyahoga App. No. 75945, unreported, 2000 Ohio App. LEXIS 2734.
In the case at bar, the narrow issue presented for our review requires us to simultaneously apply the shifting burdens of proof required by Civ.R. 56 with the burden-shifting framework required by McDonnellDouglas v. Green (1973), 411 U.S. 792, 36 L.Ed.2d 668, 93 S.Ct. 1817, as later clarified by Texas Dep't of Community Affairs v. Burdine (1981),450 U.S. 248, 67 L.Ed.2d 207, 101 S.Ct. 1089. Because Ohio's anti-discrimination statute is patterned after Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. 2000e et seq., we rely upon and find instructive many of the seminal cases from the federal bar which specifically address the overlapping and shifting burdens of proof under Rule 56 and McDonell Douglas. Kunz v. United Food Commercial Workers,Local 876 (6th Cir. 1993), 5 F.3d 1006, 1009; Stein v. National CityBank (6th Cir. 1991), 942 F.2d 1062, 1064.
A trial court must not "weigh the evidence and determine the truth of the matter," and thereby elicit a preference for a defendant's explanation. Logan v. Denny's Inc. (6th Cir. 2001), 259 F.3d 558, 566
citing Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 247,91 L.Ed.2d 202, 106 S.Ct. 2505; Cline v. Catholic Diocese of Toledo (6th Cir. 1999), 206 F.3d 651, 668 citing Anderson at 249; DePiero v. City ofMacedonia (6th Cir. 1999), 180 F.3d 770, 776. At each stage of theMcDonnell Douglas inquiry, a court reviewing a summary judgment must consider whether there is sufficient evidence to create a genuine dispute under Civ.R. 56. United States Postal Serv. Bd. Of Governors v. Aikens
(1983), 460 U.S. 711, 715, 75 L.Ed.2d 403, 103 S.Ct. 1478.
Next, in a discrimination case in which Civ.R. 56 has been invoked, a trial court must, as an overlay, apply the burden-shifting tripartite test mandated by McDonnell Douglas. If the plaintiff chooses to establish her claim of discrimination through circumstantial evidence, she must first establish a prima facie case of discrimination.[5] Barker v.Scovill, Inc. (1983), 6 Ohio St.3d 146, 451 N.E.2d 807 citing McDonnellDouglas Corp., supra; Burdine, supra; Byrnes v. LCI CommunicationHoldings Co. (1996), 77 Ohio St.3d 125, 672 N.E.2d 145; Barker, supra;Plumbers Steamfitters, supra; Boyd v. Harding Academy of Memphis, Inc. (6th Cir. 1996), 88 F.3d 410, 413; McConaughy v. Boswell Oil Co., (1998), 126 Ohio App.3d 820, 711 N.E.2d 719.
Once the prima facie case is established, a presumption of discrimination exists and the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's termination. Plumbers Steamfitters Joint Apprenticeship Comm., supra. This stage is commonly referred to as the "rebuttal phase". Cline v.Catholic Diocese of Toledo (1999), 206 F.3d 651, 666 citing Burdine,supra.
Finally, under the third step, only if the defendant carries its burden, does the burden shift back to the plaintiff to show that the proffered reason is pretext. McDonnell Douglas, supra. The burden on the defendant at this point "is to rebut the presumption of discrimination by producing evidence that the plaintiff was rejected * * * for a legitimate, nondiscriminatory reason." Cline at 666 citing Burdine,450 U.S. at 254. As explained in Cline,
 * * * [t]his is a burden of production; although "the defendant need not persuade the court that it was actually motivated by the proffered reasons," it must raise "a genuine issue of fact as to whether it discriminated against the plaintiff." Id. To do this, "the defendant must clearly set forth * * * the reasons for the plaintiff's rejection," and that explanation must be legally sufficient to justify a judgment for the defendant." Id. at 255. * * *
Should a defendant fail to produce evidence showing that it is entitled to judgment at this point, that is, evidence which does not raise a genuine issue of material fact, summary judgment cannot be granted. During the rebuttal phase, a defendant must, by the reasons it presents, satisfy its own "burden of production." Cline, supra. In a motion for summary judgment, McDonnell Douglas' shifting evidentiary burdens are affirmative for both the movant and the non-movant. An employer's proffered explanation "must be legally sufficient to justify a judgment for the defendant." Burdine at 255.
In the case at bar, we find that the trial court erred in its analysis of the third step of the McDonnell Douglas analysis because there remain genuine issues of material fact surrounding employer's criticism of her job performance and therefore whether Buzek's proffered explanation of why it terminated Berenda was pretextual. The trial court ignored two significant procedural facts: although Berenda retains the ultimate burden of persuasion, the burden of producing evidence continues to alternate between the parties. Texas Dep't of Community Affairs v.Burdine (1981), 450 U.S. 248, 252-53, 67 L.Ed.2d 207, 101 S.Ct. 1089.
In the case at bar the trial court did not find that Berenda satisfied the third evidentiary step of McDonnell Douglas. The trial court's judgment entry states, in part, that:
 The plaintiff has failed to provide any evidence rebutting the fact that she was an at-will employee fired for cause. The defendant's brief is supported by an affidavit of Kenneth Buzek which states that the plaintiff was fired due to her attitude, her performance and due to a general slow down in work. The defendant, through his affidavit of Mr. Buzek, advanced reasons justifying the plaintiff's termination. Claims brought pursuant to O.R.C. 4112 and employment claims based upon public policy require that the plaintiff rebut the defendant's reason for termination as being merely a pretext to its true discriminatory intent. No evidence exists in the record providing this rebuttal, therefore, the defendant's Motion for Summary Judgment is well taken and granted.
The trial court ignores the employer's failure to rebut the discriminatory statements Buzek made about Berenda's pregnancy and that her job performance evaluation focussed exclusively on her pregnancy.
Both parties relied exclusively on their own affidavits.[6] The employer's affidavit, through Ken Buzek, states that Berenda was terminated because:
 On several occasions while she was employed, I observed Mrs. Berenda using the telephone for personal calls (which was brought to her attention but not corrected). She also did not follow directives regarding use of the office computer network (and caused damage which had to be corrected by an outside technician). She often reported to work late and was impolite and disrespectful to other employees.
* * *
 Due to a general slowdown in work, poor performance and attitude, Mrs. Brenda [sic] was terminated on September 22, 1998. At this time, only three persons were employed by K.S. Buzek Associates-Mrs. Berenda, Louise Buck and Affiant.
* * *
 After Mrs. Brenda's [sic] termination, her position was not filled and her duties were carried out by Louise Buck. * * *
In her affidavit, Berenda recites the following facts:
 * * * Kenneth Buzek stated to me that before I became pregnant, I would have to consult with him first. Kenneth Buzek complained to me and other women employees about pregnancy and how it negatively affected his business. * * * That in March 1998, I notified Kenneth Buzek of my pregnancy.
 That during a purported review of my performance as an employee in August 1998, Kenneth Buzek questioned me at length about my pregnancy. No other issues were discussed during this review.
* * *
 That on or about September 22, 1998 while 8 months pregnant, I spoke with Kenneth Buzek by telephone regarding my purported review and my hours being reduced. Kenneth Buzek stated that, "I thought you would see the writing on the wall" and "That you are the wrong type of employee for my business."
Employer never denied making these overtly discriminatory statements.
It is not disputed that Berenda was pregnant, she was terminated, and her duties were assumed by Buck, a non-pregnant person. As to her job performance, Berenda swears she received no criticism during Ken Buzek's September 1998 review of her work, nor does Buzek dispute Berenda's description of that interview. Ken Buzek does state, however, that Berenda did not follow direction and had a poor attitude. While what Buzek observes here may be true, the fact that the employer never mentioned these criticisms to her during their meeting to review her performance is evidence suggesting these reasons are pretextual. More significantly, Ken Buzek does not deny that in his review of Berenda's performance in August 1998, he discussed only her pregnancy, never any of the purported deficiencies in her work — deficiencies for which he allegedly terminated her just one month later.
There are also genuine issues of material fact surrounding other reasons Buzek gives for terminating Berenda. For example, one of the reasons Buzek advances for terminating Berenda is a "general slow-down in business," yet, only four months after it learned that Berenda was pregnant, it hired Buck and gave her many of the same duties and the exact same title as Berenda. In a slow down, persons are eliminated, not hired.[7] The two affidavits clearly disagree, moreover, on the hours Berenda worked and whether there was ever a reduction in her hours because she was pregnant. Ken Buzek's failure to deny many of Berenda's claims provides a foundation for an argument that his reasons for termination are pretextual. Drawing inferences in Berenda's favor as we must, we conclude there remain genuine issues of material fact about her job performance and whether the decision to terminate her was related to her being pregnant. In other words, a jury could find that Buzek terminated Berenda because of her pregnancy and, in doing so, unlawfully discriminated against her in violation of R.C. 4112 et seq. The ultimate resolution of this question must be answered by a jury rather than decided on summary judgment.
Accordingly, we conclude that the trial court erred in granting Buzek's motion for summary judgment on Berenda's discrimination claim pursuant to R.C. 4112 et seq. Appellant's assignment of error is sustained and the judgment of the trial court is reversed and remanded for proceedings consistent with this opinion.
Judgment accordingly.
It is ordered that appellant recover of appellees her the costs herein taxed equally.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Appellees note that neither of them is the proper party in this case. Appellees maintain that Berenda's actual employer is an entity named K.S. Buzek Associates, which does business as Buzek, Kiplinger Associates, the named appellee.
[2] We note that this case proceeded to the summary judgment phase, apparently, without the advantage of any substantive discovery (answers to interrogatories, depositions etc.) having been conducted by either party. Both parties relied exclusively on competing and contradictory affidavits. Discovery would have permitted a teasing out of needed details absent from each of the supporting affidavits in this case.
[3] The court granted summary judgment to employer on these additional claims. Berenda does not question judgment on these claims as error in this appeal.
[4] Though Berenda's one assignment of error is sweeping in range, that is, the trial court erred in granting appellees' entire motion for summary judgment, her brief does not raise any issue other than sex/pregnancy discrimination under R.C. 4112 et seq. Accordingly, our review is limited to the singular issue of discrimination under the statute.
[5] Under R.C. 4112.02, a prima facie case of discrimination based on sex/pregnancy requires a plaintiff to show that: (1) she was pregnant; (2) she was discharged; (3) she was qualified and, (4) she was replaced by, or her discharge permitted the retention of, a non-pregnant employee. Barker, supra.
[6] In addition to her own affidavit, Berenda attached copies of newspaper articles, which we must reject as evidence because newspaper articles cannot be used to affirm the truth of the matter asserted in the articles.
[7] Buzek, moreover, does not deny Berenda's claim that on September 22, 1998 she was terminated despite the fact that she was senior to Buck.