ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Sheri Ross, appeals the trial court's granting summary judgment in favor of defendants-appellees, Nicholas and Jamie Schwegel on her negligence claim. For the reasons that follow, we overrule appellant's single assignment of error and affirm the judgment of the trial court. The pertinent facts leading to this appeal are as follows.
{¶ 2} On April 8, 2000, appellant worked at the Chagrin Valley Hunt Club. Appellant's job was as stable help to clean stalls, feed, turn out horses. Tr. At 7. On that date, appellant, while working, was standing outside the stable of a horse named Newman, owned by appellees (owners). It is undisputed that at the time of the incident, appellant was talking to co-worker, Jennifer Bremick, who was inside the stall with Newman. Appellees acknowledge that the doorway to Newman's stall was left partly open. As [p]laintiff approached the entranceway to the stall, Newman reached his head through the opening and bit [p]laintiff on the chin. A co-worker had left the door open. As a result of being bitten by the horse, appellant suffered severe and disfiguring injuries to her face.
{¶ 3} Appellant claims the owners, particularly Jamie Schwegel, knew about Newman's proclivity for biting people, but that they never notified the club or appellant. Appellant brought a negligence suit against the owners on the basis that they breached their duty to inform the club or her about Newman's biting history.
{¶ 4} The owners filed a motion for summary judgment in which they argued that they were entitled to judgment because appellant did not show that the owners of the horse failed to notify the managers of the Hunt Club that the horse was a biter.
{¶ 5} The trial court granted the owners' motion; this timely appeal followed. Appellant presents a single assignment of error.
 {¶ 6} THE TRIAL COURT ERRED BY GRANTING DEFENDANT-APPELLEES' MOTION FOR SUMMARY JUDGMENT WHEN THERE WAS A GENUINE ISSUE OF MATERIAL FACT WHETHER OR NOT THE DEFENDANTS BREACHED ANY DUTY WHICH THEY HAD TOWARD THE PLAINTIFF.
{¶ 7} Rule 56(C) of the Ohio Rules of Civil Procedure provides that summary judgment is proper only if the trial court determines that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, viewed most strongly in favor of the non-moving party, that reasonable minds can come to but one conclusion and that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267.
{¶ 8} Under this rule and the controlling case law of Ohio, the moving party must support the motion with affirmative evidence in order to meet its burden of proving that no genuine issue of material fact exists for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280,662 N.E.2d 264; Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115,510 N.E.2d 1108. The burden of establishing that no genuine issues to any material fact remain to be litigated is on the party moving for summary judgment. Turner v. Turner (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123; Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, 120, 570 N.E.2d 1108.
{¶ 9} Once a party moves for summary judgment and has supported the motion by sufficient and acceptable evidence, the party opposing the motion has a reciprocal burden to respond by affidavit or as otherwise provided in Civ.R. 56(C), setting forth specific facts explaining that a genuine issue of material fact exists for trial. Jackson v. Alert Fire 
Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798. A motion for summary judgment forces the nonmoving party to produce evidence on all issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. However, it is the moving party who bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. Dresher, supra.
{¶ 10} The liability of the owner of an animal of any description for an injury committed by it is founded upon the owner's negligence, actual or presumed. Further, the owner of a domestic animal is not liable for injuries committed by it, unless the owner had notice that it was accustomed to do mischief. Spring v. Edgar 99 U.S. 645, 25 L.Ed. 487
(1878). As stated by the Ohio Supreme Court in Drew v. Gross (1925),112 Ohio St. 485, 147 N.E. 757:
 {¶ 11} The owner of a domestic animal is responsible for negligence in its keeping whereby damage is occasioned. The principal test, as to whether the owner is or is not negligent, is whether he could or could not reasonably have anticipated the occurrence which resulted in the injury.
{¶ 12} Moreover,
 {¶ 13} [I]f the thing which causes the injury is shown to be under the management of defendant, and the accident is such as in the ordinary course of events would not happen if defendant who has the management, uses proper care, the burden is then placed on defendant, not to explain the accident, but to show that he used due care. (Citations omitted). If he does not show this to the jury's satisfaction, it may infer that he was negligent.
{¶ 14} Sutfin v. Burton (1951), 91 Ohio App. 177, 190, 104 N.E.2d 53.
{¶ 15} In order to defeat a motion for summary judgment brought in a negligence action, a plaintiff must identify a duty owed to him by the defendant. The evidence, when considered most favorably to the plaintiff, must be sufficient to allow reasonable minds to infer that the duty was breached, that the breach of that duty was the proximate cause of the plaintiff's injury, and that the plaintiff was injured. Adelman v. Timman (1997), 117 Ohio App.3d 544, 549, 690 N.E.2d 1332 citing Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614; Feichtner v. Cleveland (1995), 95 Ohio App.3d 388, 642 N.E.2d 657.
{¶ 16} We review the order granting summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; McManamon v. H R Mason Contrs. (Sept. 13, 2001), Cuyahoga App. No. 79014. Summary judgment should not be granted where the facts are subject to reasonable dispute. The improper grant of summary judgment precludes a jury's consideration of a case and should, therefore, be used sparingly, only when reasonable minds can come to but one conclusion. Shaw v. Central Oil Asphalt Corp. (1981), 5 Ohio App.3d 42, 44, 449 N.E.2d 3.
{¶ 17} In the case at bar, the trial court began and ended its analysis of the merits of the owners' motion for summary judgment by determining that they had fulfilled their duty to appellant. The court stated, [t]he duty that defendants owed the Plaintiff in the case sub judice was to inform the Club that their horse had an aggressive streak. From the facts presented to the Court, it appears that this duty was fulfilled. We agree.
{¶ 18} First, the manager at the club was the prior owner of Newman and had himself been bitten by Newman. The record before us shows further that appellant knew about Newman's propensity for biting well before she herself was bitten by him. At deposition, appellant stated:
 {¶ 19} Q: It's your best recollect [sic] you had not been in Newman's stall at all that day?
{¶ 20} A: Not that I can remember.
 {¶ 21} Q: Was Jennifer in Newman's stall when this happened?
{¶ 22} A: Yes.
{¶ 23} * * *
 {¶ 24} Q: The door at that time was open by how much?
 {¶ 25} A: Just far enough if she needs to she could get out.
{¶ 26} * * *
 {¶ 27} Q: Wide enough for a person to get through?
 {¶ 28} A: If she needed to. For safety reasons you don't close the door all the way. * * *.
 {¶ 29} Q: Were you standing a couple feet back from the door?
 {¶ 30} A: I thought I was far enough away from him.
{¶ 31} * * *
 {¶ 32} Q: How far did the horse have to move from where it was until it bit you?
 {¶ 33} A: Maybe if he moved at all he would have moved maybe a step or two. He just reached his neck out. I don't know if he moved at all because it all happened so quickly.
{¶ 34} * * *
 {¶ 35} Q: Were you aware of a rule that if you went into Newman's stall or had anything to do with him, you were supposed to muzzle him or put a cage over his face?
{¶ 36} A: Yes.
 {¶ 37} Q: When did you become aware of that rule?
 {¶ 38} A: When I got hired, and I always did that.
 {¶ 39} Q: Why were you supposed to do that when you went near Newman?
 {¶ 40} A: I was never told why. They told me that was one of the rules that I had to when I was working with Newman or doing anything with him, I had to put the muzzle on. They never actually said he was a biter. There could have been possible different reasons. I have no idea.
 {¶ 41} Q: Why did you think you had to put a muzzle on him?
 {¶ 42} A: I have no idea. Some horses are more scared than others. Some horses use muzzles to prevent them from eating too much. Some horses if they get sick or colic or before surgery they have muzzles on for different reasons. Maybe he's more aggressive towards other horses.
{¶ 43} Tr. at 35-36.
{¶ 44} However, appellant stated on occasion she noticed it [the halter] wasn't attached right and then she declined to work with him that day, or clean his stall to prevent an injury. (Emphasis added). Appellant also acknowledged that she would not work with Newman if he did not have a muzzle on.
{¶ 45} We agree that owners, as the movants under Civ.R. 56, sufficiently satisfied their burden of showing that they fulfilled their duty of informing the club about Newman's propensity for biting. We are satisfied that the Club's policy as to how Newman should be handled was indicative that the Club, and its employees, were on notice as to Newman's tendencies. Opinion and Ruling, vol. 2633 pg. 391.
{¶ 46} As a matter of law, we conclude that the Club's policy of requiring Newman to be muzzled proved the Club knew about Newman's biting propensity. Moreover, the Club manager, Mr. Louis, as the former owner and previously bitten by Newman, also had this knowledge. Finally, appellant herself acknowledged that she knew that Newman was supposed to be muzzled in order to prevent injury. The muzzle requirement and appellant's knowledge of it under these facts is material because it shows that both the Club and appellant knew the horse had to be muzzled.
{¶ 47} Under the facts at issue in this case, we reject appellant's argument that appellees breached their duty to tell either the Club or her about Newman's biting propensity, when the evidence is clear that both she and the Club knew the horse might bite. On the record before us, we cannot reach any other reasonable explanation for the horse's muzzle requirement. Because the Club knew Newman should be muzzled, the failure to follow this policy was not a failure of the owners, since they entrusted the horse's management to the Club and the Club was on notice of the horse's propensity to bite.
{¶ 48} From the foregoing undisputed facts, reasonable minds could not conclude that the owners breached their duty to appellant. Because the trial court did not err in granting summary judgment to owners, we affirm the judgment of the trial court.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J. AND COLLEEN CONWAY COONEY, J., CONCUR.