{¶ 34} The majority acknowledges that Belknap has raised a genuine issue of material fact regarding Vigorito's negligence, but affirms the trial court's grant of summary judgment on the grounds that Belknap failed to introduce evidence of damages proximately caused by Vigorito's negligence. Since Belknap, the nonmoving party, did not bear the burden of demonstrating that an issue existed regarding damages, I respectfully dissent.
 {¶ 35} To be entitled to summary judgment, the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact on an essential element of the opponent's claim. Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The movant must do more than state "conclusory assertions" that the nonmoving party cannot prove an element of his case. Dresher v. Burt, 75 Ohio St.3d 280,293, 1996-Ohio-107. The movant "must state specifically which areas of the opponent's claim raise no genuine issue of material fact." Vahila v.Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, quoting Mitseff v. Wheeler
(1988), 38 Ohio St.3d 112, 115. If the movant fails to discharge his initial burden as to a particular claim, or element of a claim, then the nonmovant's reciprocal burden of demonstrating that a genuine issue does not arise as to that particular claim or element. Dresher,75 Ohio St.3d at 293.[2]
 {¶ 36} In Vahila, the Ohio Supreme Court reversed a grant of summary judgment under similar circumstances. After finding appellants were not required to establish that they would have been successful in the underlying civil, criminal, or administrative matters giving rise to the malpractice action, the court considered the movants' assertion in their motion for summary judgment that "No Evidence Exists in This Case To Demonstrate that the Damages Plaintiffs Have Allegedly Sustained Were Proximately Caused by the Alleged Acts and/or Omissions of Defendants." The lower court concluded that "this assertion, by itself, was sufficient to discharge appellees' initial responsibilities under Civ.R. 56, requiring appellant to then point to specific facts in the record demonstrating the existence of a genuine issue for trial."77 Ohio St.3d at 428 (emphasis sic). The Supreme Court disagreed, reaffirming that the movant "always bears the initial responsibility of informing the court of the basis for the motion and identifying those portions of the record which support his or her claim." Id. at 430 (emphasis sic).
 {¶ 37} Similarly in the present case, Vigorito's conclusory assertion that Belknap cannot prove damages as a proximate result of his negligence does not discharge his burden in summary judgment. The majority errs by concluding otherwise.
 {¶ 38} In his brief in support of summary judgment, Vigorito argues that Belknap, in his complaint, alleged damages emanating from his conviction on two of the four criminal charges pending against him. In an attached affidavit, Vigorito states that he had negotiated a plea agreement according to which Belknap would only have pled guilty to one misdemeanor charge. Thus, Vigorito concludes, Belknap cannot claim to have been damaged as his convictions were the result of his voluntary decision to reject the plea agreement and proceed to trial.
 {¶ 39} Vigorito's "argument" that Belknap cannot prove damages is nothing more than a conclusory assertion such as the one that the Supreme Court rejected in Vahila. The bald assertion that Vigorito had negotiated a plea agreement does not compel, or even necessarily imply, the conclusion that Belknap was not damaged by Vigorito's negligent handing of the motion to suppress. If the motion to suppress had been properly filed and granted, arguably no plea may have been required. Considering Vigorito's affidavit, this court is in no better position to judge Vigorito's allegations that there were no damages than it is to judge Belknap's allegations that there were damages. The critical point is that Vigorito, as movant, bore the initial burden of coming forward with evidence that there were no damages and Vigorito failed to carry this burden.[3]
 {¶ 40} The majority observes that, in this case, "[t]here is a complete absence of any reference to the substance of the underlying criminal charges" as well as "what evidence should have been the subject of the motion to suppress." The majority further concedes: "We are unable to determine either the evidence which should have been suppressed or the criminal charges to which that evidence related." One wonders how, in the absence of all this evidence, the majority gave credit to the substance of Vigorito's allegation that "it was Belknap's rejection of a plea agreement during the underlying criminal proceedings that resulted in his conviction, rather than Vigorito's alleged negligence." Cf. Bell v.Beightler, 10th Dist. No. 02AP-569, 2003-Ohio-88, at ¶ 33 ("Generally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact.").
 {¶ 41} The majority's ruling today also supports the dubious proposition that, regardless of how negligent an attorney's representation at trial might be, the attorney is immune from civil liability provided the client could have taken an advantageous plea instead of exercising his right to trial. At the very least, Vigorito should have demonstrated some connection between his negotiated plea agreement, Belknap's convictions, and the substance of the motion to suppress. Had Vigorito done so, then, Belknap would have had the reciprocal burden of demonstrating a genuine issue for trial. Instead, Vigorito has proffered the conclusion that Belknap cannot prove damages based on the logical non sequitur that Belknap could have taken a plea. Requiring Vigorito to meet his initial burden of "identifying those portions of the record" that support his claim will not cripple the use of Civ.R. 56(C) for disposing of cases.
 {¶ 42} Since "summary judgment precludes a jury's consideration of a case," it should "be used sparingly, only when reasonable minds can come to but one conclusion." Shaw v. Central Oil Asphalt Corp. (1981),5 Ohio App.3d 42, 44. "The main purpose of the summary judgment procedure is to enable a party to go behind the allegations in the pleadings and assess the proof in order to see whether there is a genuine need for trial." Johnston v. Johnston, 119 Ohio Misc.2d 143,2001-Ohio-4397, at ¶ 27. In this case, neither party has presented evidence that would allow this court to go beyond the pleadings and assess the substance of Belknap's claims.
 {¶ 43} Vigorito's motion for summary judgment relied on the argument that, as a matter of law, Belknap could not prove negligence without expert testimony. Expert testimony is not necessary on the issue of the suppression motion since Vigorito's negligence is within the ordinary knowledge and understanding of a lay juror. Vigorito's decision to withdraw the motion to suppress was not a tactical decision, but was the result of Vigorito's failure to properly draft and prepare the motion. According to Belknap, the motion filed by Vigorito did not identify him as the defendant and was not relevant to his situation. This sort of failure is not outside the scope of knowledge of the average lay juror.Brunstetter v. Keating, 11th Dist. No. 2002-T-0057, 2003-Ohio-3270, at ¶ 16. Legal expertise is not required to understand that a motion to suppress should identify the real defendant in the case and have relevance to the facts of that case.
 {¶ 44} To the extent that a jury is able to understand Vigorito's alleged negligence in connection with the filing of the motion to suppress without the aid of expert testimony, Belknap's assignments of error have merit and summary judgment should be reversed.
[2] Under prior Ohio law, Vigorito, by merely filing a motion for summary judgment, would have forced Belknap to introduce Civ.R. 56(C) evidence on every element of his claim. See Wing v. Anchor Media, Ltd. ofTexas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus ("[a] motion for summary judgment forces the nonmoving party to produce evidence on any issue for which that party bears the burden of production at trial"). Wing, however, was limited by Dresher v. Burt (1996),75 Ohio St.3d 280, 295, in the manner indicated above.
[3] There can be little doubt that Belknap suffered damages. In an affidavit submitted to the trial court, Belknap testified that when his new attorney attempted to question one of the arresting officers at trial about probable cause and the circumstances of the arrest, the judge upheld the state's objection to this line of questioning on the grounds that it should have been covered by the suppression motion withdrawn by Vigorito. As the majority correctly discerns, the real issue is the causal connection between the resulting convictions and Vigorito's negligence.